## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MITCHELL, MELISSA BURKETT, and TAMMY CAVANAUGH | CIVIL ACTION NO. |
| Complainants | |
| v. | JUDGE |
| PARISH OF JEFFERSON, EAST BANK CONSOLIDATED SPECIAL SERVICE FIRE PROTECTION BUREAU OF JEFFERSON PARISH, DAVID TIBBETS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, ROBERT FUNK, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, 123 INSURANCE COMPANY, and XYZ INSURANCE COMPANY | MAGISTRATE JUDGE |
| | **JURY TRIAL DEMANDED** |
| Defendants | |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come MONICA MITCHELL, MELISSA BURKETT, and TAMMY CAVANAUGH ("Complainants"), who file this Complaint ("Complaint") and respectfully aver as follows:

## INTRODUCTION

1.     This is an action for declaratory judgment, equitable relief, and monetary damages to secure the protection against and to redress unlawful discrimination on the basis of sex and retaliation. The suit is brought to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§2000e *et seq*., as amended by the Civil Rights Act of 1991.

1

## JURISDICTION & VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(a)(4), 2202, and 42 U.S.C.A § 2000e-5.

3.      Supplemental jurisdiction over Complainants' state law claims is invoked under both Rule 18 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367, because they are part of the same case or controversy as Complainants' federal claims.

4.      This Court has personal jurisdiction over the Defendants - as each defendant is either domiciled in the Eastern District of Louisiana and the acts and omissions of all defendants occurred in the Eastern District of Louisiana.  In addition, personal jurisdiction over Defendant Robert Funk may be had pursuant to Rule 4(k) of the Federal Rules of Civil Procedure.

5.      Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims asserted occurred in the Eastern District of Louisiana.

6.      Venue is also proper in the Eastern District of Louisiana pursuant 28 U.S.C. § 1391 and 42 U.S.C.A. § 2000e-5(g).

## ADMINISTRATIVE REMEDIES

7.      Complainants have satisfied all administrative prerequisites for filing suit under Title VII and the Louisiana Employment Discrimination Law, R.S. 23:302 *et seq*.

8.      On May 23, 2018, Complainants filed complaints against their employer with the Equal Employment Opportunity Commission. On July 31, 2019, Complainants, through undersigned counsel, received their Notices of Right to Sue.

9.      On September 6, 2019, Complainants' counsel notified Defendants' counsel of Complainants' intention to file suit and thereafter made good faith efforts to resolve the dispute.

10.     This suit is being filed within ninety (90) days of Complainants' receipt of the Notice of Right to Sue.

## THE PARTIES

11.     Plaintiff Monica Mitchell ("Mitchell") is a person of the full age of majority who is twenty-five-year veteran dispatcher for the Jefferson Parish East Bank Consolidated Fire Protection Bureau. She resides in Marrero, Louisiana.

12.     Plaintiff Melissa Burkett ("Burkett") is a person of the full age of majority who has been a dispatcher for the East Bank Consolidated Fire Protection Bureau for sixteen years. She resides in Metairie, Louisiana.

13.     Plaintiff Tammy Cavanaugh ("Cavanaugh") is a person of the full age of majority who has been a dispatcher for the East Bank Consolidated Fire Bureau for twelve years. She resides in Gretna, Louisiana.

14.     Defendant Parish of Jefferson ("Jefferson Parish" or "The Parish") is a government body created pursuant to the laws of the State of Louisiana and is located within the Eastern District of Louisiana. As all relevant times, The Parish is and was the employer of Complainants through its political subdivision the East Bank Consolidated Special Service Protection Bureau.

15.     Defendant East Bank Consolidated Special Service Protection Bureau ("The Bureau") is a political subdivision of Jefferson Parish created pursuant to the laws of the State of Louisiana and Jefferson Parish and is located within the Eastern District.

16.     Defendant David Tibbets ("Tibbets") is the Fire Chief for the Bureau. Tibbets is a resident of Jefferson Parish, Louisiana.

17.     Defendant Robert Funk ("Funk") is the Communications Supervisor for the Bureau. Funk is a resident of Hancock County, Mississippi.

3

18.    Defendant 123 Insurance Company, upon information and belief, issued a policy of insurance to The Parish which provides coverage for the acts and omissions alleged in this Complaint.

19.    Defendant XYZ Insurance Company, upon information and belief, issued a policy of insurance to The Bureau which provides coverage for the acts and omissions alleged in this Complaint.

20.    Each of the acts and omissions complained of in this Complaint were committed by the defendant actors while in the course and scope of their employment with The Parish and / or The Bureau.

21.    In doing the acts and/or omissions alleged, the Defendants acted under color of authority and/or color of state law.

## FACTUAL ALLEGATIONS

**A.    The Jefferson Parish East Bank Consolidated Fire Protection Bureau's Emergency Communications Division, or "Fire Alarm"**

22.    The Jefferson Parish East Bank Consolidated Fire Protection Bureau has over 200 full-time paid employees and is headquartered in Jefferson, Louisiana.   The Emergency Communications Division of the Bureau, commonly referred to as "Fire Alarm," is located in Gretna, Louisiana.

23.    Joseph Greco served as Fire Chief at all relevant times prior to June 2017.

24.    David Tibbets has served as Fire Chief from June 2017 to date.

25.    Fire Alarm is directed by Fire Communications Supervisor Robert Funk who reports to Fire Chief Tibbets, and previously to Fire Chief Greco.

4

B.     **The Bureau's Discriminatory Practices**

26.     Article X, Section 1:01 of the Bureau's Rules and Regulations requires all employees of the District to "strive to qualify themselves for the next higher position, so that in emergencies they may assume those duties and responsibilities." Additionally, all Fire Alarm personnel are required to maintain their APCO Telecommunicator I certification. These policies are critical to fulfilling the Bureau's duty to protect life and property from the hazards of fire and of panic which may arise from fire or from the threat of fire or explosion.

27.     At all relevant times, all decisions related to the training of Fire Alarm personnel were and remain under the purview of Funk.

28.     Funk consistently provides male employees necessary training and equipment to perform their current job duties and to qualify for the next higher position.

29.     Funk denies the Complainants and other female employees the same necessary training and equipment for their current jobs and to qualify for the next higher position that he provides to their male counterparts.

30.     Funk also provides male employees opportunities that allow the male employees to build impactful work relationships and earn extra overtime pay that he denies to the Complainants and other female employees.

31.     Funk's refusal to provide Complainants with the same training, equipment, and access he has provided to similarly situated male employees has impaired their ability to fulfill their job duties and compete on an equal basis with their male counterparts.

32.     As a result of Funk's denial of equal training and resources to Complainants and other female employees, Fire Alarm is often staffed only with personnel who are untrained in the

proper protocol for responding to certain emergencies and do not have access to equipment needed to provide critical, life-saving assistance to firefighters and the public.

33.    The disparity in training, equipment and access at Fire Alarm has continued unabated to the present, despite Complainants' continued pleas for relief to Funk, Chief Tibbets, and other members of Bureau leadership.

34.    The disparity in training, equipment, and access at Fire Alarm has directly, negatively affected Complainants' future career prospects in that without the training, they are ineligible for promotion.

**C.    Communications Supervisor Funk Pursues Inappropriate Relationships with Subordinates During Work Hours and Retaliates against Anyone Who Opposes Him**

35.    Funk has repeatedly pursued inappropriate relationships with subordinates during work hours for many years.

36.    For years and continuing until the present date, Complainants have witnessed Funk take female dispatchers off premises during their shift for hours at a time, leaving Fire Alarm with inadequate staff to respond to calls.   On one such occasion, a four-alarm fire occurred when Funk and the female dispatcher were nowhere to be found. Efforts to located Funk during this emergency were ignored by Funk.

37.    On information and belief, Funk grants perks to the dispatchers who have allowed his inappropriate advances or who are complicit in his actions.

38.    For many years, Funk has made inappropriate and unwanted advances against female employees during work hours.   Complainants Mitchell and Burkett advised Fire Chief Greco of the sexual harassment of her co-worker.   Burkett also confronted Funk about his aberrant behavior.

39.     Following Mitchell's and Burkett's complaints, Funk's behavior with subordinates did not change, and Funk began a campaign of retaliatory actions against Mitchell and Burkett, which included, but was not limited to, subjecting them to hostile, intimidating language, and misogynistic and racial slurs, continuing to deny them necessary training and resources, and selectively enforcing Bureau policies on mandatory overtime and emergency/sick leave in a punitive manner.

**D.    Bureau Leadership Has Retaliated Against Complainants By Conducting a Toothless Investigation, Issuing Veiled Threats, and Unfairly Disciplining Complainants**

40.     On May 11, 2017, Burkett, Cavanaugh, and a fellow dispatcher, met with then-Fire Chief Greco and then-Assistant Chief David Saunders, and again complained to them of Funk's actions as described in the preceding paragraphs. Both Greco and Saunders promised to investigate and address their concerns.

41.     On July 28, 2017, Complainants and a fellow dispatcher, who has since resigned due to untenable work conditions, file an official grievance asking for an investigation into Funk for harassment, policy violations, unfair treatment, retaliation, and withholding critical equipment from employees.

42.     In August 2017, Greco was replaced as Fire Chief by Defendant Tibbets.

43.     On August 25, 2017, Complainants, through their union, requested Defendant Tibbets investigate their previously filed grievances.

44.      On information and belief, the investigation by the Bureau's Human Resources Department ignored key evidence and the recommended remedial action was never implemented.

45.     In February 2018, Burkett informed Chief Tibbets that the discriminatory and retaliatory conduct continued and requested Chief Tibbets address the continuing violations by Funk.

46.     Shortly after the February 2018 meeting, Funk continued to refuse Burkett's reasonable work-related requests for information and access which is provided to all personnel. Funk advised Burkett that his refusal was per the Chief's instructions.

47.     On May 14, 2018, Complainants each filed complaints with the Equal Employment Opportunity Commission.

48.     Since the Complainants filed with the EEOC, Defendants Funk and Tibbets subjected Complainant Burkett to numerous, malicious and baseless disciplinary proceedings before the Civil Service Board.

49.     On November 14, 2018, Mitchell met with Chief Tibbets to discuss issues with a trainee under Mitchell's supervision. In that meeting, Tibbets, stated that he would remove Fire Alarm employee's civil service protections if the Complainants continued to exercise their rights under Title VII of the U. S. Code as well as under the Civil Service Rules.

50.     On December 17, 2018, Chief Tibbets called a meeting with all supervisors where he threatened the Complainants that he could remove Fire Alarm employee's civil service protections if they continued to exercise their rights under Title VII of the U. S. Code as well as under the Civil Service Rules.

E.     **Funk's Actions and the Bureau's Refusal to Remedy the Discriminatory Situation at Fire Alarm Continue to Put Firefighters and the Public at Risk**

51.     As of the date of the filing of this Complaint, Funk has continuously ignored Complainants' requests for training and equipment that has been provided to their male counterparts and that is necessary to fulfill their job duties.

52.     As of the date of the filing of this Complaint, Funk has continued to violate the Bureau's minimum staffing, overtime, and annual leave policies, allowing Fire Alarm to frequently be inadequately staffed.

53.     The aforementioned have put firefighters, and the public at risk of grave harm to their person and property.

54.     Burkett has repeatedly expressed concern to Funk and Chief Tibbets that Funk's discriminatory practices are putting firefighters and the public at risk to no avail.

55.     The Bureau has failed to address the persisting discriminatory situation that exists at Fire Alarm, and has instead punished and retaliated against Complainants for their complaints.

### CLAIMS FOR RELIEF

### COUNT 1

Title VII, 42 U.S.C. § 2000e-2(a)
Disparate Treatment – Sex
(by All Complainants, Against Jefferson Parish, the East Bank Consolidated Fire Protection Bureau, and Chief David Tibbets, in his official capacity)

56.     Complainants re-allege and incorporate herein by reference all of the foregoing allegations.

57.     Complainants are members of a protected class, women, and are qualified for the positions they hold.

58.     Complainants were refused necessary training and equipment that were provided to similarly situated males in the workplace.

59.     Defendants' refusal to provide Complainants necessary resources and training is intentional and motivated by Defendants' discriminatory animus towards women.

60.     Complainants have reported the discriminatory conduct to their employer, who has failed to take reasonable remedial measures.

61.     Defendant Funk's actions were taken with malice and reckless disregard for Complainants' right to compete on an equal basis with men.

62.     Defendant Tibbets, did not take reasonable remedial measures to address the discriminatory actions of his subordinates, in reckless disregard for the Complainant's rights as secured by federal law.

63.     The Parish and The Bureau discriminated against Complainants in violation of 42 U.S.C. § 2000-e2(a).

## **COUNT 2**

Title VII, 42 U.S.C. § 2000e-3(a)
Retaliation
(by All Complainants, Against Jefferson Parish, the East Bank Consolidated Fire Protection Bureau, and Chief David Tibbets, in his official capacity)

64.     Complainants re-allege and incorporate herein by reference all of the foregoing allegations.

65.     Complainants engaged in protected activity, by opposing the disparate treatment and hostile work environment as described in the preceding paragraphs.

66.     After the Complainants' lodged their complaints, the Parish, through Funk, Tibbets, and others, retaliated against them by engaging in a series of materially adverse actions against

Complainants that would have dissuaded a reasonable person from complaining of discrimination. Including but not limited to Tibbets threatening to remove Civil Service protections from the complainants' positions.

67.     Defendants took the adverse actions against Complainants because of their protected activities.

68.     Defendants' actions were taken with malice and reckless disregard for Complainants' right to compete on an equal basis with men.

69.     For the foregoing reasons, the Parish retaliated against Complainants in violation of 42 U.S.C. § 2000-e3(a).

## COUNT 3

42 U.S.C. § 1983 – First Amendment Retaliation
(By Burkett, Against Jefferson Parish, Tibbets, in his individual and official capacity, and Funk, in his individual and official capacity)

70.     Complainants re-allege and incorporate herein by reference all the foregoing allegations.

71.     Burkett engaged in protected free speech when, among other ways, she informed Chief Tibbets and Funk of her belief that the dysfunction at Fire Alarm was putting the public and fire fighters at risk as described in the preceding paragraphs.

72.     Burkett was subjected to adverse employment actions as described in the preceding paragraphs to punish her for exercising her right to free speech.

73.     Burkett's right to free speech is outweighed by any government interest in efficiency because Burkett's speech was made for the purpose of notifying the Parish of public safety risks.

74.     Defendants action as described in the preceding paragraphs amount to malice and reckless indifference to the rights of Burkett, thus warranting an award of punitive damages.

11

75.     For the foregoing reasons, Defendants Jefferson Parish, Chief Tibbets, and Funk are liable to Burkett for violations of 42 U.S.C.§ 1983.

## COUNT 4

Title VII, 42 U.S.C. § 2000e-2(a)
Hostile Work Environment – Sex
(by All Complainants, Against Jefferson Parish, the East Bank Consolidated Fire Protection Bureau, and Chief David Tibbets, in his official capacity)

76.     Complainants re-allege and incorporate herein by reference all of the foregoing allegations.

77.     As described in the preceding paragraphs, Complainants, members of a protected class, were subjected to sex-based unwelcome harassment / hostile work environment in the workplace.

78.     The harassment affected a term, condition or privilege of Complainants' employment by causing them emotional distress and anxiety.

79.     Complainants' advised Funk and Tibbets of the pervasive hostile work environment and neither took reasonable remedial measures to prevent or correct the behavior.

80.     The Parish otherwise failed to exercise reasonable care to prevent or correct the hostile work environment at Fire Alarm. Complainants complained of the hostile work environment to management. The Parish failed to take prompt remedial action to remedy the behaviors.

81.     Defendants Funk, Tibbets and the Parish's actions were taken with malice and reckless disregard for Complainants' right to compete on an equal basis with men.

82.     For the foregoing reasons, the Parish discriminated against Complainants in violation of 42 U.S.C. § 2000-e2(a).

## COUNT 5

State Law Discrimination and Retaliation
(by All Complainants, Against Jefferson Parish, the East Bank Consolidated Fire Protection
Bureau, and Chief David Tibbets, in his official capacity)
La. R.S. § 23:3301 *et seq.*

83.    Complainants re-allege and incorporate herein by reference all of the foregoing

allegations.

84.    Defendants are liable to Complainants under Louisiana's Title VII corollary, the

Louisiana Employment Discrimination Act, La. R.S. § 23:3301 *et seq.* as described in the preceding

paragraphs.

## JURY DEMAND

85.    Complainants demand a Jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** after due proceedings are had, Complainants pray that this Complaint be deemed

good and sufficient; and that this Court assume jurisdiction of this action and after trial:

i.    declare, pursuant to 28 U.S.C. § 2201 and 2202 that the Defendants
unconstitutionally violated the Complainants' constitutional rights;

ii.    grant Complainants a permanent injunction enjoining Defendants, its agents,
successors, employees, attorneys and those acting in concert with Defendant and at
Defendant's request, from continuing to violate Title VII and state anti-
discrimination law;

iii.    Grant Complainants compensatory damages, including damages for:

a.    Mental Anguish, Anxiety, Emotional Distress, Humiliation, and
Injury to Reputation;

        b.   Back Pay, Loss of Future Earnings, and Loss of Earnings Capacity;

        c.   Medical Expenses;

        d.   Loss of Benefits, Including but Not Limited to Potential for Enhanced Retirement Benefits;

iv.    Grant Complainants punitive damages in an amount to be determined at trial; and

v.    Award Complainants such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs and attorney's fees.

vi.    For any and all other just and equitable relief to which the Complainants may be entitled.

Respectfully submitted:

**STERNBERG, NACCARI & WHITE, LLC**

**/s/ Scott Sternberg**
_____
**SCOTT L. STERNBERG, T.A.** La. Bar No. 33390
**DAVID LaCERTE**, La. Bar No. 32535
**MICHAEL S. FINKELSTEIN**, La. Bar No. 35476
**M. SUZANNE MONTERO,** La. Bar No. 21361
**NATALIE K. MITCHELL,** La. Bar No. 32599
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile:   504.534.8961
scott@snw.law | suzy@snw.law | natalie@snw.law

***Counsel for Complainants Monica Mitchell, Tammy Cavanaugh, and Melissa Burkett***

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MITCHELL, MELISSA BURKETT, and TAMMY CAVANAUGH | CIVIL ACTION NO. |
| Complainants | |
| v. | JUDGE |
| PARISH OF JEFFERSON, EAST BANK CONSOLIDATED SPECIAL SERVICE FIRE PROTECTION BUREAU OF JEFFERSON PARISH, DAVID TIBBETS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, ROBERT FUNK, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY | MAGISTRATE JUDGE **JURY TRIAL DEMANDED** |
| Defendants | |

## **AFFIDAVIT OF VERIFICATION**

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary, personally came and appeared:

### **MELISSA BURKETT**

Who, after being duly sworn, deposed and stated:

1. She is an individual of the age of majority and domiciled in the Parish of Jefferson, State of Louisiana;

2. She has read the Complaint in the above-captioned case and is familiar with the facts underlying the allegations contained therein based on her personal knowledge;

3. All of the allegations contained in the Complaint are true and correct to the best of her knowledge, memory, information, and belief; and

4. The foregoing statements are true and correct to the best of her knowledge, memory, information, and belief.

_____
**MELISSA BURKETT**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 15th DAY OF

August , 2019.

_____
**NOTARY PUBLIC**

Notary/Bar Id. No. _____

Commissioned for life.

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MITCHELL, MELISSA BURKETT, and TAMMY CAVANAUGH | CIVIL ACTION NO. |
| Complainants | |
| v. | JUDGE |
| PARISH OF JEFFERSON, EAST BANK CONSOLIDATED SPECIAL SERVICE FIRE PROTECTION BUREAU OF JEFFERSON PARISH, DAVID TIBBETS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, ROBERT FUNK, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY | MAGISTRATE JUDGE  **JURY TRIAL DEMANDED** |
| Defendants | |

## AFFIDAVIT OF VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary, personally came and appeared:

### MONICA MITCHELL

Who, after being duly sworn, deposed and stated:

1. She is an individual of the age of majority and domiciled in the Parish of Jefferson, State of Louisiana;

2. She has read the Complaint in the above-captioned case and is familiar with the facts underlying the allegations contained therein based on her personal knowledge;

3. All of the allegations contained in the Complaint are true and correct to the best of her knowledge, memory, information, and belief; and

4. The foregoing statements are true and correct to the best of her knowledge, memory, information, and belief.

**MONICA MITCHELL**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 15ᵗʰ DAY OF

August , 2019.

**NOTARY PUBLIC**

Notary/Bar Id. No. 32599

Commissioned for life.

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MONICA MITCHELL, MELISSA BURKETT, and TAMMY CAVANAUGH<br><br>Complainants<br><br>v.<br><br>PARISH OF JEFFERSON, EAST BANK CONSOLIDATED SPECIAL SERVICE FIRE PROTECTION BUREAU OF JEFFERSON PARISH, DAVID TIBBETS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, ROBERT FUNK, IN HIS OFFICAL AND INDIVIDUAL CAPACITY, ABC INSURANCE COMPANY, and XYZ INSURANCE COMPANY<br><br>Defendants | CIVIL ACTION NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**JURY TRIAL DEMANDED** |

## AFFIDAVIT OF VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BEFORE ME,** the undersigned Notary, personally came and appeared:

### TAMMY CAVANAUGH

Who, after being duly sworn, deposed and stated:

1. She is an individual of the age of majority and domiciled in the Parish of Jefferson, State of Louisiana;

2. She has read the Complaint in the above-captioned case and is familiar with the facts underlying the allegations contained therein based on her personal knowledge;

3. All of the allegations contained in the Complaint are true and correct to the best of her knowledge, memory, information, and belief; and

4. The foregoing statements are true and correct to the best of her knowledge, memory, information, and belief.

**TAMMY CAVANAUGH**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 15th DAY OF

August , 2019.

_____

**NOTARY PUBLIC**

Notary/Bar Id. No. 325

Commissioned for life.

2